Bernard Ryan, P. J.
As an inducement for the State University to establish its up-State medical center at Syracuse through the acquisition of the Syracuse University College of Medicine, Syracuse University, in a letter from Chancellor Tolley dated May 16, 1949, offered to give to the State University property which it owned adjacent to the college of medicine and known as the Yates Castle property, upon being compensated for the value of the improvements thereon but not for the value of the land. Accordingly by resolution adopted December 2, 1952 the State University of New York proceeded to acquire the property by a map and description filed in the Onondaga County Clerk’s office on March 25, 1954 and served upon Syracuse University the same day. Thereupon Syracuse University executed in the favor of the State of New York a covenant not to sue or file a claim against it by reason of the appropriation except for the value of the buildings, walks and walls upon the land described in the notice of appropriation. Claim for the damages thereby sustained was filed with the clerk of this court July 29,1954 and upon the trial herein certain damages were stipulated as follows: Prefabricated building $15,000; stone wall $3,000; macadam walks $1,000. Left for our determination is the value of Yates Castle proper.
The building was razed long before this case was moved for trial. However, the court’s recollection of the outward appearance of the building, as seen on several occasions during the course of after-court-hour constitutionals to the region of the Syracuse University campus, has been refreshed by a multitude of photographs. Photographs of the interior have also been presented and have been examined. There has been ample testimony concerning the structural features and the condition of repair of the building existing just prior to its demolition.
On the date of the appropriation Yates Castle was used by Syracuse University as classrooms and offices for its School of Journalism and also as offices for related organizations such as the New York Publishers Association. To accommodate the building to these purposes certain interior areas had been subdivided with partitions and the structure had been reinforced with supporting posts and tie rods to assist in sustaining the additional weight of printing presses and other appurtenances of the journalism school.
It is claimant’s contention that the elements of value for which it is entitled to recover include not only the building’s worth as a utility for teaching purposes but also especial merit for its distinguished architectural and historical status. This *351 is something which is difficult to translate into dollars. Yates Castle was built in or about the year 1852 according to the design of an architect named James Renwiclc who was an exponent of the neo-Gothic school or, to use another term, of the Gothic revival of architecture. The walls were of brick with stone trim and at some time, if not initially, some of the building’s battlements and towers were made of wood. At the time that the State took over the property the building, inside and out, was in bad repair.
As usual, in these contested appropriation claims, there is a great discrepancy between figures given by the experts on value on one side and those on the other. The Attorney-General concedes that Syracuse University should have an award of $100,000 based upon an estimated reproduction cost of the building in the amount of $300,000 depreciated 66%%. This figure of reproduction cost, testified to by a witness called by the Attorney-General, compares with a figure of $432,960 testified to by one of the witnesses called by the claimant and a figure of $346,089.94 testified to by another. The first witness gave no testimony as to depreciated value and the second witness used a rate of 25% for depreciation arriving at a net value of the building of $259,567. A third witness adopting a somewhat different approach found himself in substantial agreement with the second witness on the net figure of $259,567.
It is when we turn to the question of architectural and historical value that we find our greatest difficulty in arriving at a fair award herein. In his brief claimant’s counsel asks us to find a sound value of the building at the time of its taking in the amount of $300,000 and to find damages in double that amount because of the artistic, esthetic and historical factors involved. These were expounded at great length by a distinguished Harvard professor and world-wide traveller but it seems to us that awareness of them came too late. Old lithographs showing Yates Castle and its environment depict it located amidst rolling green acres designed, as it was, to be viewed from all sides. Later, the growth of an industrial city encroached upon its environs but still left a large tract of open land surrounding the castle until sometime between 1936 and 1938. In that period Syracuse University erected its medical college building within 3.7 feet of the north line of the parcel appropriated, thereby completely obstructing the building from any view to the north. An opening in the south wall of the medical building, used as a rear door or delivery entrance, abutted directly upon a concrete or blacktopped area. This *352 driveway traversed the former front lawn of the castle and lay immediately adjacent to the approach to the castle’s main entrance which faced the west. Directly in front of that west entrance and across the driveway and about 25 feet distant the prefabricated building was erected in about 1944. While this building was admittedly for temporary use its appearance certainly marred any artistic effect of the castle’s formally turreted entry. To the west, just beyond the prefabricated building stands the City Hospital, several stories high. To the south upon what used to be an open tract of land the United States Government has erected a tall and spreading Veterans Administration Hospital. The north property line of this site, which is the south line of the parcel appropriated by the State, stretches 345 feet from Irving Avenue on the east to the City Hospital property line on the west parallel to and not more than 80 feet distant from the south line of the former castle wall.
This development of a medical center is to be commended, not deplored. But it is obvious that, in the scheme of its development, emphasis was upon scientific progress in aid of medical research and care of the sick and ailing. Had monuments and museums been in contemplation, had cultural consideration been foremost, a way would have been found to preserve Yates Castle, not only structurally, but with sufficient acreage to provide it with an adequate setting to display its jewel-like qualities. After all, pre-eminent in the university atop the hill is its School of Fine Arts. It must be assumed that its purpose and aims carry some weight in university counsels. The truth is that, some 18 years prior to the date of the appropriation by the State, responsible persons administering Syracuse University saw only the utilitarian value of the castle and its surrounding land and acted accordingly. This motivation continued at least through the period of the offer to the State University of the castle site in exchange for the establishment of New York’s up-State medical center.
Just as today, in our great metropolis, tears are being shed for the passing of Carnegie Hall, not because of its architectural beauty, but because of the memories it stirs, so Yates Castle, leveled to the ground, has evoked laments for yesteryear. We doubt that the laments are universal, or even predominant, among either faculty or student body or that the gaily caparisoned crowds, emerging from Archbold Stadium in the passing years, have ever given Yates Castle or James Renwick a second thought. Indeed, historians who reviewed Renwick’s architectural achievements seem to have omitted the castle from their *353 consideration. Our Harvard expert may not join in our misgivings but he has not persuaded us that Renwick’s Salt City edifice should have had reserved for it a place beside Horace Walpole’s Strawberry Hill in Middlesex, the cathedral of Albi in southern France, or Pisa’s leaning tower. And apparently he came too late upon the scene to convince Syracuse University’s trustees. Otherwise the castle might still be standing in restored and resplendent glory.
After due consideration we find that we are constrained to adopt the requested findings of the Attorney-General to the effect that on the date of the appropriation the highest and best use of the appropriated property was for classroom and office use and that esthetic, sentimental and historic aspects of the castle are not compensable.
Upon these considerations we direct an award to Syracuse University against the State of New York in the sum of $150,000 for the building in addition to the stipulated sums stated, together with interest thereon from March 25, 1954 to the date of entry of judgment herein.